## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MIGUEL ANGEL IBANES       *
8502 11th Avenue       *
Silver Spring, MD 20903       *
      *
    PLAINTIFF,       *
      *
    v.       *
      *     Case No.: 18- 3816
ZODIAC RESTAURANT GROUP, LLC       *
D/B/A SCION RESTAURANT, ET AL       *
1200 East West Highway       *
Silver Spring, MD 20910       *
      *
    SERVE: JOANNE LIU       *
    1200 East West Highway       *
    Silver Spring, MD 20910       *
      *
JOANNE LIU       *
8065 Gatehouse Rd.       *
Falls Church, VA 22042       *
      *
    DEFENDANTS.       *
****************************************************************************

## COMPLAINT

Plaintiff Miguel Angel Ibanes ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Zodiac Restaurant Group LLC d/b/a Scion Restaurant ("Scion Restaurant") and Joanne Liu (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter "MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff Miguel Angel Ibanes is an adult resident of the State of Maryland.  By participating as a named Plaintiff in this action, he consents to prosecute his claims against Defendants under the FLSA.

2.      Defendant Scion Restaurant is a limited liability company formed under the laws of the State of Maryland and doing business in the State of Maryland.

3.      Defendant Joanne Liu is an adult resident of Commonwealth of Virginia.

4.      Miguel Angel Ibanes was employed by Defendants to work in Scion Restaurant's kitchen.  Miguel Angel Ibanes worked in the State of Maryland as a line cook and performed related duties.

5.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce.  Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7.      Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for the purposes of the FLSA, MWHL, and MWPCL.

8.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under

any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C.

§ 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9.     Throughout Plaintiff's employment, Defendants:

  a.  Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

  b.  Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

  c.  Set and controlled Plaintiff's work schedule or that the power to set and control Plaintiff's work schedule;

  d.  Set and determined of had the power to set and determine Plaintiff's rate and method of pay; and

  e.  Controlled and were in charge of Plaintiff's day-to-day duties and responsibilities.

10.     Miguel Angel Ibanes worked for Defendants from roughly June 20, 2011 until about September 27, 2018. Defendants paid Miguel Angel Ibanes an hourly rate between $9.00 and $12.00 per hour, regardless of the number of hours he worked.

11.     Plaintiff worked more than forty (40) hours per week in virtually every week of his employment.

12.     Plaintiff's primary work duties did not qualify for exemption under the FLSA, MWHL, or MWPCL.

13.     Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his hourly rate for hours worked over forty (40).

14.     Plaintiff worked an average of roughly fifty-three (53) hours per week.

15.     Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as

required by the FLSA, MWHL, and MWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

16.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

17.     The FLSA mandates that an employer must pay an employee overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

18.     At all times, Plaintiff was Defendants' "employee" covered by § 207(a)(1) of the FLSA, and Defendants was Plaintiff's "employers" under § 207(a)(2) of the FLSA.

19.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

20.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

21.     As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours they worked.

22.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and

post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law
### (Overtime)

23.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

24.     Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employers" within the meaning of the MWHL.  As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL.  These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) his regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

25.     As set forth above, Defendants paid Plaintiff a fixed salary regardless of the number of hours he worked.

26.     At all relevant times, Defendants had knowledge that Plaintiff worked more than forty (40) hours per week.  Alternatively, Defendants suffered or permitted Plaintiff to work more than forty (40) hours per week.

27.     Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at his overtime rate for all the overtime hours Plaintiff worked in each week.

28.     As discussed supra, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours.  Nevertheless, Defendants willingly and knowingly failed to pay Plaintiff for his overtime hours at the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both

pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
**Violation of Maryland Wage Payment and Collection Law**
**(Overtime)**

29.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

30.     Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

31.     Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

32.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work he performed, including overtime wages.

33.     As detailed above, Defendants failed to compensate Plaintiff for overtime wages owed.

34.     Defendants' failure and refusal to pay overtime wages due to Plaintiff was not the result of any bona fide dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

Michael K. Amster, Bar ID: 18339
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*